IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **RACHEL MOSBY,**<br><br>*Plaintiff,*<br><br>v.<br><br>**CITY OF BYRON, GEORGIA,**<br><br>*Defendant.* | **CIVIL ACTION NO.**<br>**5:20-cv-00163-TES** |

**ORDER CONVERTING DEFENDANT'S MOTION TO DISMISS
INTO A MOTION FOR SUMMARY JUDGMENT**

In order for the Court to rule on the issues presented in Defendant City of Bryon's Motion to Dismiss [Doc. 5], it will be necessary to determine whether Defendant raised the verification defense at the earliest time possible. This determination will likely require the Court to consider matters outside the pleadings. Therefore, Defendant's Motion to Dismiss will be treated as one for summary judgment under Federal Rule of Civil Procedure 56. Fed. R. Civ. P. 12(d).

"When a district court converts a motion to dismiss into a motion for summary judgment, it must comply with the requirements of Rule 56 by notifying the parties of the conversion and provid[e] *at least* 10 days for the parties to supplement the record accordingly." *German v. Nationstar Mortg., LLC*, No. CV 2:20-033, 2020 WL 4905066, at *1 (S.D. Ga. Aug. 20, 2020) (citing *Trustmark Ins. v. ESLU, Inc.*, 299 F.3d 1265, 1267 (11th Cir.

2002)). Accordingly, Defendant shall have 14 days from the date of this Order to file any supplemental evidence as listed in Rule 56(c) along with a short brief in support of its positions on the issues raised in its dismissal motion. Plaintiff Rachel Mosby shall have 14 days from the supplemental filings to respond. Mosby's failure to respond could result in the dismissal of her claims against Defendant.

The Court notes that both parties have already provided the Court with materials outside the pleadings, many of which are documents Mosby filed with the Equal Employment Opportunity Commission ("EEOC") or are central to her claim under 42 U.S.C. § 2000e *et seq.*, and would not be categorized as materials requiring conversion. *See Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005); *Scott v. Ride Aid of Ga., Inc.*, No. 7:11–CV–180 (HL), 2012 WL 1409326, at *1 (M.D. Ga. Apr. 23, 2012). However, some materials provided arguably do not fall within this category, and the Court, in its discretion, **CONVERTS** Defendant's Motion to Dismiss [Doc. 5] into one for summary judgment. *German*, 2020 WL 4905066, at *1. The parties need not submit any information already provided to the Court, nor are the parties *required* to submit any information in response to this Order.

**SO ORDERED**, this 27th day of August, 2020.

S/ Tilman E. Self, III  
**TILMAN E. SELF, III, JUDGE**  
**UNITED STATES DISTRICT COURT**